UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                          CRIMINAL ACTION

VERSUS                                                        No. 09-378

MATTHEW B. PIZZOLATO                                  SECTION I

ORDER AND REASONS

Before the Court is a motion[1] filed by petitioner, Matthew B. Pizzolato ("Pizzolato"),

requesting that the undersigned U.S. District Judge recuse himself from all post-conviction

proceedings. Also before the Court is Pizzolato's motion[2] pursuant to 28 U.S.C. § 2255, in which

he claims that (1) the undersigned improperly participated in the plea bargaining process, in

violation of the Fifth and Sixth Amendments to the U.S. Constitution and in violation of Federal

Rule of Criminal Procedure 11; and (2) ineffective assistance of counsel caused him to plead guilty.

The United States of America ("government") has filed an opposition to both motions.[3]

    As discussed below, Pizzolato's motion for recusal lacks merit. No objective observer would

conclude that recusal is required because the record already details the undersigned's knowledge of

the allegedly disputed facts and because Pizzolato has not identified any evidence that suggests the

record is inaccurate. Moreover, no § 2255 hearing is required on the claim underlying the recusal

motion because, even assuming that Pizzolato believed the undersigned participated in plea

_____

[1]R. Doc. No. 75.
[2]R. Doc. No. 74.
[3]R. Doc. No. 80.

negotiations, Pizzolato has knowingly and voluntarily waived his right to file a § 2255 petition, his improper plea negotiation claim is procedurally barred, and both of his claims fail on the merits.

## *BACKGROUND*

On April 1, 2010, pursuant to a plea agreement, Pizzolato pleaded guilty to twenty-one counts of mail fraud, one count of wire fraud, three counts of money laundering, one count of securities fraud, and one count of witness tampering.[4] On July 22, 2010, the Court sentenced him to 360 months' imprisonment.[5] Pizzolato appealed his conviction and sentence, arguing that the government violated the plea agreement's terms by arguing for an above-guidelines sentence and that the Court's upward departure reflected an abuse of discretion. The U.S. Court of Appeals for the Fifth Circuit affirmed his conviction and sentence. *United States v. Pizzolato*, 655 F.3d 403, 411-12 (5th Cir. 2011), *cert. denied*, 132 S.Ct. 1126 (2012).

On January 26, 2013, Pizzolato filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence and/or conviction. He separately moved for recusal of the undersigned from all post-conviction proceedings, asserting that the undersigned's impartiality might reasonably be questioned, that the undersigned has personal knowledge of disputed evidentiary facts, and that the undersigned is likely to be a material witness in the § 2255 proceeding, requiring recusal pursuant to 28 U.S.C. § 455 subsections (a), (b)(1), and (b)(5)(iv), respectively.

---

[4]R. Doc. No. 28.
[5]R. Doc. No. 49.

### STANDARD OF LAW

**I. Recusal**

Section 455(b)(1) requires recusal of a judge who "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Section 455(a) requires recusal when a judge's "impartiality might reasonably be questioned." "These provisions afford separate, though overlapping, grounds for recusal." *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003). Section 455(b)(5)(iv) requires recusal where a judge is "to [his] own knowledge likely to be a material witness in the proceeding." When applying the objective standard of whether a judge's "impartiality might reasonably be questioned," the relevant perspective is that of "the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person." *Andrade*, 338 F.3d at 455 (quoting *United States v. Jordan*, 49 F.3d 152, 156 (5th Cir. 1995)).

"Faced with a motion for recusal under 28 U.S.C. § 455 in the context of a petition for post-conviction relief under 28 U.S.C. § 2255, a court may first determine whether a hearing must be held." *DeLuca v. United States*, 243 F. Supp. 2d 982, 984 (E.D. Mo. 2003) (citing *United States v. Rivera*, 802 F.2d 593, 601 (2d Cir. 1986)). Addressing the question of whether a hearing is necessary before addressing the question of whether recusal would be required because of a judge's potential testimony may be desirable because Congress's "goal in enacting § 2255 [was] to hold post-conviction proceedings before the original trial court where the conviction was secured." *Id.* at 986. Even where a hearing is necessary, recusal is only required where particularized facts demonstrate that a judge will likely testify as a material witness. *Adrian v. Mesirow Fin. Structured Settlements*, 588 F. Supp. 2d 216, 219 (D.P.R. 2008).

**II. 28 U.S.C. § 2255**

**A. Overview**

Section 2255(a) provides a prisoner in custody with four grounds upon which relief may be granted: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" or (4) that the sentence "is otherwise subject to collateral attack." Pursuant to § 2255, the Court must hold a hearing to determine the issues and make findings of fact and conclusions of law unless "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief."

"The Supreme Court has emphasized repeatedly that a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (quotation omitted). "[T]he general rule [is] that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice" or actual innocence. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Bousley v. United States*, 523 U.S. 614, 622 (1998). The Supreme Court has held that "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought" in a § 2255 proceeding. *Massaro*, 538 U.S. at 509; *see, e.g.*, *United States v. Johnson*, 124 F. App'x 914, 915 (5th Cir. 2005).

**B. Ineffective Assistance of Counsel**

The United States Supreme Court set forth the standard for judging the performance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland,* the Court articulated a two-part test that requires the petitioner to prove (1) deficient performance and (2) resulting prejudice.

-4-

*Id.* at 697. Deficient performance is established by "show[ing] that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. In applying this standard, a "court must indulge a 'strong presumption' that counsel's conduct falls within the wide range of reasonable professional assistance because it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685, 702 (2002) (quoting *Strickland*, 466 U.S. at 689).

The second prong of the *Strickland* test looks to the prejudice caused by counsel's allegedly deficient performance. This requires "a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *United States v. Mullins,* 315 F.3d 449, 456 (5th Cir. 2002) (quoting *Strickland*, 466 U.S. at 687). The defendant must show that his "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. " *Strickland,* 466 U.S. at 687. A defendant who pleaded guilty must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

A defendant must satisfy both prongs of the *Strickland* test in order to be successful on an ineffective assistance claim. *See Strickland*, 466 U.S. at 697. A court is not required to address these prongs in any particular order. *Id.* If it is possible to dispose of an ineffective assistance of counsel claim without addressing both prongs, "that course should be followed." *Id.*

## C. Waiver

The U.S. Court of Appeals for the Fifth Circuit has held that a defendant may waive his right to 28 U.S.C. § 2255 post-conviction relief if the waiver was knowing and voluntary. *United States*

*v. White*, 307 F.3d 336, 343-44 (5th Cir. 2002) (citing *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994)). For such a waiver to be knowing and voluntary, a defendant must understand that he has a right to collateral review and that he is giving up that right. *United States v. Jacobs*, 635 F.3d 778, 781 (5th Cir. 2011) (citation and quotation omitted).

An ineffective assistance of counsel claim may defeat a waiver where the alleged ineffective assistance "directly affects the validity of the waiver." *White*, 307 F.3d at 339, 343. "A claim of ineffective assistance of counsel at any other stage, such as sentencing, cannot overcome a knowing and voluntary plea or waiver." *Id.* at 343. A "knowing and intelligent waiver" may not be "easily evaded" merely be raising an ineffective assistance of counsel claim. *Id.* at 344. Where a defendant knowingly and voluntarily agrees to a waiver, despite alleged ineffective assistance of counsel, "the guilty plea sustains the conviction and sentence and the waiver can be enforced." *Id.* at 343-44.

## *ANALYSIS*

### I. Recusal

Pizzolato's motion for recusal invokes 455(a), (b)(1), and (b)(5)(iv), but it is premised on a single factual allegation: the undersigned has personal knowledge of disputed evidentiary facts that may require the undersigned to testify at an eventual § 2255 hearing. Specifically, Pizzolato alleges that during a pretrial conference with counsel the undersigned participated in plea negotiations.

Even assuming a hearing were to take place, the Court has doubts surrounding the application of the likely material witness recusal standard to the facts in this case. One of these doubts arises from the fact that the undersigned has already detailed his recollection of the pre-trial conference, on the record in open court:

> [DEFENSE COUNSEL]: When we spoke with the Court, Your Honor, on March 1st of this year with the government, the Court had indicated that if we could reach an

agreement, Your Honor, with the government and could hammer out certain guidelines as to avoid issues later on in appeal, if we could reach some kind of agreement with the government that that would be beneficial to both sides, Your Honor. As a result of that, the government and the defense worked out the guidelines, Your Honor, saw what guidelines were appropriate. And, also, Your Honor –

THE COURT: Hold on a second. My comments, when I met with counsel, were really in regard to the restitution issue. I thought with the amount of funds that were outstanding that there could be an agreement with respect to the amount of restitution and that that would save a lot of, that would save a lot of bickering and issues that the Court would have to resolve and both of y'all stated that you would attempt to go ahead and do that, which you did. And the Court appreciates it, okay.

[DEFENSE COUNSEL]: And, Your Honor –

THE COURT: I hope you're not saying, because I need to correct the record if you are, that I in any way indicated that I would accept the sentence within the guideline range, since during our conferences you knew that I would consider that the fact that you had agreed to a specific guideline but there was never any indication by the Court that I would sentence within the guideline range.

[DEFENSE COUNSEL]: Your Honor, we – undersigned counsel is well aware that district courts do not have to follow the guidelines, do not have to follow recommendations of the parties in this matter, Your Honor, that the Court always has the discretion to upwardly depart or downwardly depart or vary below the guidelines. However, as a result of our conferences, the government and the defense hammered out guidelines . . . . [6]

Although Pizzolato cites the exchange provided above as the basis for his claim that the Court engaged in plea negotiations, a "well-informed, thoughtful and objective observer," who read the full transcript of sentencing, could not reasonably reach this conclusion. *See Andrade*, 338 F.3d at 455. Read in context, defense counsel's contentions were arguments that the government had breached the plea agreement – as opposed to arguments that the Court's potential upward departure violated some unwritten deal between the attorneys and the undersigned. Moreover, Pizzolato has not produced any evidence whatsoever – not even an affidavit detailing his suspicions – to contradict the undersigned's recollection, which, again, was memorialized on the record in open court. Given

---

[6]R. Doc. No. 56, at 7-9.

these circumstances, a reasonable person would not doubt the undersigned's impartiality. Furthermore, as discussed *infra*, Pizzolato's petition fails to require a hearing even if taken at face value. Accordingly, Pizzolato has failed to demonstrate that recusal is required.

## II. Section 2255

### A. Improper Participation in Plea Negotiations

#### 1. *Procedural Bar and Waiver*

Pizzolato's claim that the undersigned participated in plea negotiations is procedurally barred because he failed to bring it on direct appeal. *Massaro*, 538 U.S. at 504. Pizzolato states that he did not raise this issue on direct appeal because "no record exists of the substance of the March 2010 conference."[7] But the sole existing factual support for his claim, the transcript excerpt above, was available.[8] While constitutionally deficient representation on appeal may excuse a procedural default, Pizzolato does not allege that his appellate counsel was ineffective. *See, e.g.*, *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). Accordingly, "he has not shown cause to overcome the procedural default." *United States v. Lewis*, 182 F. App'x 344, 345 (5th Cir. 2006). Pizzolato also does not make any claim of actual innocence. Accordingly, his § 2255 claim based on the undersigned's alleged participation in plea negotiations is procedurally barred. *Id.* In addition to this procedural bar, as discussed below, Pizzolato entered into a valid waiver of his collateral challenge rights, notwithstanding his allegation of ineffective assistance of counsel.

#### 2. *Lack of Evidence*

---

[7]R. Doc. No. 74.
[8]To the extent that Pizzolato intends to imply that he believed that the Fifth Circuit would rule that the record was insufficiently developed to consider his claim, such implication reflects a strategic gamble – not the unavailability of his claim.

-8-

Pizzolato also argues that he pleaded guilty because he believed that the undersigned participated in the plea bargaining process and that the Court would impose a within-guidelines sentence.[9] Pizzolato's numerous sworn statements at rearraignment undermine this claim, and he has not suggested that there is any evidence, such as potential testimony from his attorney or the prosecutor, that would contradict these statements.

With respect to the possible sentence Pizzolato might receive, the Court emphasized at rearraignment that the guidelines were advisory and that the maximum statutory sentence could be imposed.[10] The Court asked, "You understand that although the government has agreed to recommend the appropriateness of certain sentencing guidelines, such recommendation or request does not bind this Court once the Court accepts the Plea Agreement? Do you understand that?" Pizzolato responded, "Yes Sir."[11] The Court continued to ask whether Pizzolato had "been influenced, induced, or persuaded in any way to plead guilty because of any threats made by anyone?" Pizzolato responded, "Not at all." The Court asked if "anyone, including your attorney, told you what sentence you might receive if I accept your guilty plea?" Pizzolato responded, "No, Your Honor."[12]

After the government reviewed the plea agreement in open court, the undersigned *again* inquired whether Pizzolato understood that the recommended sentence was not binding on the Court. Pizzolato answered "Yes, Your Honor."[13] Just a short while later, the Court confirmed that

---

[9] *See* R. Doc. No. 74, at 4 ("At all relevant times, Pizzolato believed that the district court would sentence him to a term of imprisonment within the agreed-upon Guidelines range, based upon the district court's participation in the plea bargaining process . . . . [The alleged] participation was error; that error affected Pizzolato's substantial rights; and Pizzolato has been prejudiced by the district court's participation.")

[10] R. Doc. No. 55, at 16-21.

[11] *Id.* at 21.

[12] *Id.* at 23-24.

[13] *Id.* at 26.

"everybody understands that this is not binding on the Court? I will make my own independent determination in determining what the guideline range is. Although the guideline range, of course, as you [defense counsel] know and, [as] Mr. Pizzolato, you should know[, is] only advisory. Everybody understand that?" Pizzolato and his attorney separately answered in the affirmative.[14]

After reviewing the plea agreement's waiver provision, discussed below, the Court *once again* returned to Pizzolato's understanding of the plea.

> THE COURT: You understand that any discussions with your attorney or anyone else regarding the sentencing guidelines are merely rough estimates and I am not bound by those discussions?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Has anyone connected with the government, anyone connected with law enforcement, or anyone else at any time, other than rough estimates of sentencing guidelines, made any prediction or promise to you as to what your sentence will be?
>
> THE DEFENDANT: No, Your Honor.[15]

The Court then asked Pizzolato's attorney whether she "made any representation to him as to the sentence I will impose."[16] She responded: "No, Your Honor. We have discussed what's in the Plea Agreement . . . ."[17] The Court further inquired, "Does he also understand that I am not bound by the plea, by the sentencing guidelines, or the Plea Agreement, and that he can receive the maximum sentence with respect to each count to run consecutively if I chose to do so?[18] Pizzolato's counsel answered affirmatively, and the Court confirmed with Pizzolato that his attorney's statement was true.

---

[14]*Id.* at 30.
[15]*Id.* at 33-34.
[16]*Id.* at 35.
[17]*Id.*
[18]*Id.* at 35-36.

THE COURT: Have you heard and understood the questions I just directed to your attorney and her answers thereto?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you have any comments to make concerning any of the questions or her answers or other statements made by [your attorney]?

THE DEFENDANT: No, Your Honor.[19]

These sworn statements, and many others not revisited here for brevity's sake, are unrebutted evidence that Pizzolato thoroughly understood that the Court could impose a sentence above the advisory guidelines range and that any alleged statements to the contrary made by his attorney or a prosecutor were inaccurate. In sum, "the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief" with respect to his claim of improper participation in the plea bargaining process, and no hearing is required.

### B. Ineffective Assistance of Counsel

#### 1. *Waiver*

The plain text of the plea agreement waives Pizzolato's right to bring a collateral challenge unless the challenge would undermine the validity of the waiver or guilty plea.[20] Pizzolato's sworn statements at rearraignment that "his [waiver] was knowing and voluntary and that he understood the rights he was waiving create a presumption that in fact the [waiver] is valid." *United States v. Washington*, 480 F.3d 309, 316 (5th Cir. 2007) (discussing plea and waiver validity). Pizzolato's recent unsworn allegations, as presented in a motion drafted by counsel, do not bear any indicia of

---

[19]*Id.* at 36.

[20]R. Doc. No. 38, at 3. The Court will give Pizzolato the benefit of the doubt in construing his broad attack on his guilty plea as a challenge to the waiver in the plea agreement, although it is noteworthy that Pizzolato's petition does not even mention the waiver of his § 2255 rights, much less address how the alleged ineffective assistance directly affected whether the waiver was knowing and voluntary.

-11-

reliability that would undermine his statements, made under oath and in open court, at rearraignment. *See also Jacobs*, 635 F.3d at 781 ("If the district court accurately explains the terms and consequences of the waiver [] and the defendant states on the record that he understands them, the defendant's later contention that he did not really understand will not invalidate the waiver.").

At rearraignment, the Court thoroughly reviewed Pizzolato's waiver of his appeal and collateral challenge rights, explaining the rights that Pizzolato was giving up, and confirming that the waiver was knowing and voluntary.[21] The Court also confirmed that Pizzolato was not entering into the waiver because of some unwritten agreement, asking, "Did anyone coerce you or promise you anything if you entered into the waiver?" Pizzolato responded, "Not at all, Your Honor."[22]

The Fifth Circuit observed that the undersigned "reviewed the waiver provision and ascertained that Pizzolato understood it and knowingly and voluntarily agreed to it." *Pizzolato*, 655 F.3d at 406. The Fifth Circuit further concluded that "the record clearly demonstrates that (1) Pizzolato knowingly and voluntarily waived his appeal rights regarding any sentence not exceeding the statutory maximum; and (2) such a waiver applies to his challenge under the plea agreement's plain language because the district court's sentence does not exceed the statutory maximum." *Id.* at 411. The Court concludes that the record with respect to waiver of Pizzolato's collateral rights is equally clear, notwithstanding his allegations of ineffective assistance of counsel. *See White*, 307 F.3d at 343-44.

2. Strickland

---

[21]R. Doc. No. 55, at 31-33.
[22]*Id.* at 32.

Separate from the waiver analysis, the Court concludes that Pizzolato's ineffective assistance claim fails to meet the second prong of *Strickland*. Pizzolato has not alleged facts that could show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Glinsey*, 209 F.3d at 392 (quotation omitted).[23]

Ineffective assistance of counsel may, in certain cases, subject a guilty plea to collateral attack. For example, when "a defendant pleads guilty on the basis of a promise by his defense attorney or the prosecutor, whether or not such promise is fulfillable, breach of that promise taints the voluntariness of his plea." *Montoya v. Johnson*, 226 F.3d 399, 405 (5th Cir. 2000) (quotation omitted). A petitioner must present more than "uncorroborated assertions" of such a promise, however. *United States v. McCord*, 618 F.2d 389, 393 (5th Cir. 1980). "[M]ere contradiction of [the defendant's] statements at the guilty plea hearing will not carry his burden" and entitle him to an evidentiary hearing. *United States v. Raetzsch*, 781 F.2d 1149, 1151 (5th Cir. 1986). A court gives "great weight" to sworn statements given at a plea colloquy, and they "carry a strong presumption of verity." *United States v. Cothran*, 302 F.3d 279, 283-84 & 284 n. 2 (5th Cir. 2002) (quotation omitted). A "defendant ordinarily will not be heard to refute [his] testimony given at a plea hearing while under oath." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Accordingly, "the representations of the defendant, his lawyer, and the prosecutor at the original plea hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Montoya*, 226 F.3d at 406 (quoting *Blackledge v. Allison*, 431 U.S. 63, 71 (1977)).

Even if counsel had suggested to Pizzolato that his sentence would be within the guidelines, the rearraignment transcript conclusively demonstrates his plea was nonetheless knowing and

---

[23]The Court makes no finding that Pizzolato's experienced trial counsel was ineffective.

-13-

voluntary.[24] As the Fifth Circuit observed, "The district court had the authority to disregard the parties' recommended Guideline range under Rule 11(b)(1)(B). Pizzolato knew that the district court had such authority. At rearraignment, Pizzolato clearly expressed his understanding that the plea agreement was not binding on the court and that the court could impose the statutory maximum sentence if it so chose." *Pizzolato*, 655 F.3d at 411-12. There is no reasonable probability that, but for his counsel's alleged errors, Pizzolato "would not have pleaded guilty and would have insisted on going to trial." *Glinsey*, 209 F.3d at 392. Accordingly, even if Pizzolato's factual allegations were proven, and even if such facts did show that Pizzolato's counsel was constitutionally deficient, his claim would fail.

### *CONCLUSION*

Pizzolato's request for recusal and his § 2255 motion share a common assumption: the undersigned agreed to impose a particular sentence, and this agreement caused Pizzolato to plead guilty. The record reflects there was no such agreement. Moreover, Pizzolato's statements under oath at his rearraignment demonstrate he understood that the undersigned was not bound by law or by promise to impose a guidelines sentence. Pizzolato has not alleged that he was induced to lie under oath by some coercive instruction. More importantly, Pizzolato has not identified any reason whatsoever for the Court not to take his sworn statements, made in open court, at face value. His unsworn allegations, made through counsel in the memoranda accompanying his motions, do not suffice to create a factual issue. *See United States v. Gonzalez*, No. 11-30288, 2012 WL 4503410, at *3 (5th Cir. Oct. 2, 2012).

The Court has considered the factual allegations on which Pizzolato's § 2255 motion rests, and concludes that no evidentiary hearing is necessary because the motion fails on its face. Pizzolato

---

[24]R. Doc. No. 55.

has waived the right to bring such a collateral attack, and he has not provided any allegation or statement that would undermine the truth of his sworn statements, notwithstanding the alleged ineffective assistance of counsel.

**IT IS ORDERED** that the motion for recusal is **DENIED**.

**IT IS FURTHER ORDERED** that the petition to vacate, alter, or correct Pizzolato's sentence and/or conviction pursuant to 28 U.S.C. § 2255 is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, March 11, 2013.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

-15-