**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 09-378** |
| **MATTHEW B. PIZZOLATO** | **SECTION I** |

## ORDER

Before the Court is the unopposed motion[1] filed by the government to amend the restitution order. The government does not seek to change the $15,725,799.42 total amount of restitution, but to alter the proportionate shares of the restitution award so as to provide for four victims who were inadvertently omitted from the schedule of listed victim payees. The Court has twice before dismissed a similar motion without prejudice in light of appeals by defendant, Matthew B. Pizzolato ("Pizzolato").[2] No appeals preclude consideration of the present motion.

According to the government's unopposed motion, two of the victims were omitted from the original restitution schedule because of documentation issues, which were resolved when the victims came forward after sentencing.[3] Two other victims had been included in earlier drafts of the schedule, but were inadvertently omitted from the spreadsheet submitted to the Court.[4]

---

[1]R. Doc. No. 79.
[2]R. Doc. Nos. 60 & 71.
[3]R. Doc. No. 79-1, at 3-4. One victim "was not included in the original list because subpoenaed bank records did not include a copy of the cancelled check reflecting her $53,017.59 investment." Another victim had invested $10,000 in cash, but bank records did not reflect that this was an investment. Once the victim came forward, investigators were able to attribute the deposit to the victim. *Id.*
[4]*Id.* These victims suffered loss amounts of $15,791.42 and $20,000, respectively.

The government filed its motion pursuant to 18 USC § 3664(d)(5) and Federal Rule of Criminal Procedure 36. The Court finds both of these provisions support amendment of the restitution order.

18 USC § 3664(d)(5) provides:

> If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing. If the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order. Such order may be granted only upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief.

As a threshold matter, the statute is not entirely on point. The victims were omitted not because of the fact that they were unaware of their losses, but because of documentation issues and clerical error by the government. The government's motion is unclear as to when the omission of certain victims was discovered.[5] But in any case, the government filed its original motion only a few months after entry of the initial restitution order and "[a]s soon as the government confirmed these additional victims' losses."[6] Moreover, Pizzolato no longer seeks to contest the addition of four victims' names to the restitution order. The Court finds that the government's motion demonstrates good cause sufficient to amend the restitution order.[7]

The Court is aware of the approximately one-year delay between the Supreme Court's denial of certiorari and the re-filing of the government's motion.[8] Given that the motion has been

---

[5]R. Doc. No. 79-1, at 5.
[6]*Id.*
[7]*Compare* R. Doc. No. 62.
[8]*See* R. Doc. No. 79-1, at 3.

repeatedly urged and that Pizzolato does not oppose it, however, it would be unreasonable to punish the four

victims for any potential untimeliness. As the government accurately observes, multiple courts have found that the time limits set forth in the statute are not jurisdictional and that these procedural requirements "are intended to protect victims, not the victimizers." *United States v. Douglas*, 525 F.3d 225, 252-53 (2d Cir. 2008) (quoting *United States v. Johnson*, 400 F.3d 187, 199 (4th Cir. 2005)); *see also Johnson*, 400 F.3d at 199 (citing cases).

The government also argues that the restitution order may be amended under Federal Rule of Criminal Procedure 36, which provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." The Fifth Circuit has ruled that Rule 36 is the "proper avenue" for "effectuat[ing] parties' restitution-related intent without affecting [a defendant's] substantive rights." *United States v. Crawley*, 463 F. App'x 418, 422 (5th Cir. 2012). In *Crawley*, the Fifth Circuit considered an amendment to a restitution order that substituted one payee for another. The Court clarified that Rule 36 applied for two reasons: first, the modification did not affect the defendant's substantive rights by increasing the total restitution owed, and second, the modification did not "contradict[] the court's and the parties' intentions as to the judgment." *Id.* at 421. The Court finds that the Fifth Circuit's reasoning in *Crawley* applies persuasively to the government's motion. The proposed modification does not affect Pizzolato's substantive rights and, as noted, he does not oppose it. In addition, the modification is not contrary to the Court's or the

parties' intent when approving the restitution order, especially insofar as two victims were omitted through error in the drafting process.

For the  reasons presented in the government's motion and discussed above, both 18 U.S.C. § 3664(d)(5) and Federal Rule of Criminal Procedure 36 support amendment of the restitution order.

**IT IS ORDERED** that the government's motion is **GRANTED.**

New Orleans, Louisiana, March 11, 2013.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**